# **EXHIBIT A**



U.S. Department of Justice

*Office of the United States Trustee*
*Southern District of New York*

*201 Varick Street, Suite 1006*       Tel. (212) 510-0500
*New York, New York 10014*            Fax: (212) 668-2255

April 14, 2021

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, New York 10007-1312

    Re:    **United States of America v. Daniel Kamensky**
                **Case No. 21-cr-00067 (DLC)**

Dear Judge Cote:

    William K. Harrington, as the United States Trustee for Region 2 ("United States Trustee"), respectfully submits this letter in advance of the May 7, 2021, sentencing of Daniel Kamensky ("Kamensky") to request that the Court impose a sentence, pursuant to 18 U.S.C. 152(6) (bankruptcy fraud), that will take into account the seriousness of Kamensky's conduct, promote respect for the law, and afford adequate deterrence for such conduct.

### A. The Office of the United States Trustee

    The Office of the United States Trustee is a component of the United States Department of Justice, charged with monitoring the federal bankruptcy system. 28 U.S.C. § 586. Pursuant to Title 28, United States Code, Section 586(a)(3), the United States Trustee supervises the administration of cases under the Bankruptcy Code. The primary role of his Office is to serve as the "watchdog over the bankruptcy process." H.R. Rep. 99-764, 99th Cong., 2d Sess. (reprinted in 1986 USCCAN 5227, 5231).

    One of the United States Trustee's core duties is the appointment and monitoring of official committees of creditors and equity security holders in chapter 11 cases. 11 U.S.C. § 1102(a)(1-2); 28 U.S.C. § 586(a)(3)(E). As long as there are qualified creditors willing to serve, the appointment of an official committee is mandatory. 11 U.S.C. § 1102(a)(1). Committee members owe a fiduciary duty to the committee's constituents. See Westmoreland Human Opportunities, Inc. v. Walsh, 246 F.3d 233, 256 (3rd Cir. 2001) (stating that section 1103 of the Bankruptcy Code "impl[ies] a fiduciary duty on the part of members of a creditor's Committee"). Those duties include a duty of loyalty, a duty of care, and a duty of disclosure. See In re Farrell, 610 B.R. 317, 323 (Bankr. C.D. Cal. 2019).

The United States Trustee also has a statutory duty to refer matters to the United States Attorney's Office for investigation and prosecution that "relate to the occurrence of any action which may constitute a crime." 28 U.S.C. § 586(a)(3)(F). The United States Code also requires that each United States Trustee assist the United States Attorney in "carrying out prosecutions based on such action." Id. Pursuant to this mandate, on August 28, 2020, the United States Trustee's Office referred Kamensky to the United States Attorney for possible violations of criminal law in the chapter 11 bankruptcy case of Neiman Marcus Group, Ltd (the "Debtor"), (Bankr. S.D.Tx.) Case No. 20-32519 (DJJ) (the "Neiman Bankruptcy").

## B. Background

On May 7, 2020, the Debtor filed its voluntary petition under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code) in the Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court"). On May 19, 2020, pursuant to Bankruptcy Code Section 1102(a)(1), the Acting United States Trustee for Region 7 appointed a nine-member committee of unsecured creditors (the "Committee") that included Marble Ridge Capital LP ("Marble Ridge"). Kamensky represented Marble Ridge's interests on the Committee. Marble Ridge was later selected as one of three co-chairs of the Committee. Each member of an official committee of unsecured creditors—including Marble Ridge—owes a fiduciary duty to all unsecured creditors. Kamensky, who formerly worked as a bankruptcy and insolvency attorney, was well aware of the fiduciary duty owed by Marble Ridge—and Kamensky as its representative—to the entire unsecured creditor class.

In early July 2020, the Debtor began exploring "cash-out" options under which creditors could exchange their Series B Shares for cash. Such an option was integral to a successful reorganization. Without it, the Series B Shares were illiquid. On July 28, 2020, Kamensky provided a cash-out proposal to the Committee under which Marble Ridge would back stop the purchase of 60 million Series B Shares at $0.20 per share from other unsecured creditors wishing to sell. Other noteholder creditors would have the right to participate in the purchase of the 60 million shares pro rata with Marble Ridge purchasing any remaining shares.

At the same time, Jefferies Financial Group ("Jefferies") was working on its own cash-out offer. Jefferies trades on its own behalf and for its clients. By July 31, 2020, Jefferies had clients that were interested in purchasing at least 80 million of the 140 million Series B Shares. Jefferies communicated its intent to bid to Committee professionals who in turn shared the communication with Kamensky. The Committee halted its work on finalizing the Marble Ridge proposal in order to consider the proposal from Jefferies.

Immediately upon learning of Jefferies' intent to purchase the shares —an asset that Kamensky through Marble Ridge wanted to acquire for his own purposes—Kamensky knowingly and intentionally took affirmative action to compel Jeffries to refrain from submitting a competing bid for the Series B Shares. Kamensky contacted a Jeffries' representative by telephone and not only threatened to terminate Marble Ridge's preexisting business relationship with Jefferies, but falsely asserted that as a co-chair of the Committee, he would be able to successfully prevent Jefferies from acquiring the shares.

2

Jefferies acceded to Kamensky's demands and notified the Committee's professionals that they were withdrawing because a significant client – Marble Ridge and Kamensky - had asked it to do so. Upon learning that his bad acts had been discovered by the Committee, Kamensky again contacted the Jefferies' representative in an attempt to cover-up that he had wrongfully pressured Jefferies not to submit a bid.

Upon learning of Kamensky's alleged conduct, the Bankruptcy Court entered an order directing the Acting United States Trustee for Region 7 to conduct a time-limited investigation and file a statement of position "regarding the conduct of Marble Ridge and Mr. Kamensky in this case." The Acting United States Trustee, in coordination with the Executive Office for United States Trustee, assembled a team to undertake the investigation.

The Statement of the Acting United States Trustee (filed with the Bankruptcy Court on August 19, 2020) concluded that Kamensky, while co-chair of the Committee and as a principal of Marble Ridge, violated his fiduciary duties, acted in bad faith, and abused the bankruptcy process. He coerced a third-party bidder not to submit a bid to fund a cash-out option that would have potentially benefited the unsecured creditors and was considered integral to a successful plan of reorganization for the Debtor. Kamensky did so in order to advance the interests of Marble Ridge and his own self-interest. Then, when faced with the public disclosure of his illegal actions, Kamensky knowingly attempted to cover up his illegal activities by pressuring the competing bidder to change its story. Furthermore, when questioned about his repeated statement that "this conversation never happened" to the Jefferies representative, Kamensky maintained that he was trying to "manage the message" and not asking the Jefferies' representative to lie. All of Kamensky's actions and statements were intended to mislead the Bankruptcy Court, the Acting United States Trustee, the Committee, the creditors, the Debtor, and the public about his successful effort to stop a rival from submitting a bid.

In the Criminal Complaint filed with this Court on September 9, 2020, Kamensky was charged with extortion and bribery in bankruptcy, fraud in the offer or sale of securities, and wire fraud. On February 3, 2021, Kamensky pled guilty as charged in the Information to one count of bankruptcy fraud, 18 U.S.C. § 152(6).

### C. Imposition of Sentence

Title 18, United States Code, section 3553, provides, in pertinent part, that in determining the particular sentence to be imposed, the Court should consider, among other things, the "need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide punishment . . . [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(2) and 3553(a)(6). For example, in United States v. Waldner, the court imposed the statutory maximum term of imprisonment because a lesser sentence "would give short shrift to all the people Defendant intended to hurt, the nonmonetary harm his victims suffered, Defendant's criminal purpose and the various dismissed and uncharged conduct." 564 F. Supp. 2d 911, 945 (N.D. Iowa 2008).

Official committees in chapter 11 serve a unique purpose in protecting the integrity of the bankruptcy system by providing supervision, to a limited degree, of the conduct of the case by

the debtor, and they execute an oversight function to protect their constituent's interests. See H.R. Rep. 95-595, 95th Cong., 1st Sess. 401 (1977); In re Johns-Manville Corp., 26 B.R. 919, 925 (Bankr. S.D.N.Y. 1983) (finding that there "is a wide and important array of authority indicating the intent to create a significant and central role for committees in carrying out a reorganization"). An integral part of this function includes the committee's critical role in negotiations for a plan and disclosure statement, which requires the free flow of information, often times confidential, between a debtor and an unsecured committee.

Accordingly, "[g]ood faith, trust and candor are essential to ensure that the work of the committee does not come to a standstill and is completed for the benefit of all unsecured creditors." Westmoreland Human Opportunities, Inc. v. Walsh, 327 B.R. 561, 573 (W.D.Pa. 2005); Shaw & Levine v. Guld & Western Industries, Inc. (In the matter of Bohack Corp.), 607 F.2d 258, 262 n.4 (2d Cir. 1979) ("The committee owes a fiduciary duty to the creditors, and must guide its actions so as to safeguard as much as possible the rights of minority as well as majority creditors."). Committee members who serve their individual interests in a manner that is detrimental to other unsecured creditors not only violate their established fiduciary duty to their constituents—unsecured creditors—but also frustrate the committee's purpose. See 11 U.S.C. § 1102 (requiring the appointment of a committee by the United States Trustee); see also Westmoreland, 327 B.R. at 573.

Here, Kamensky, a former bankruptcy attorney at a prominent international law firm, knowingly and intentionally coerced and pressured a potential bidder not to submit a bid that potentially could have been financially advantageous to the unsecured class of creditors—a class to whom Kamensky owed a fiduciary obligation. The information about the potential bidder was information that Kamensky received in his capacity as a potential bidder for the Series B Shares but also while serving as a co-chair of the Committee. A committee member's use of confidential information for reasons other than to serve the interests of the unsecured creditor body as a whole serves to erode public confidence in the bankruptcy system. The bankruptcy system is premised upon transparency and the honesty of fiduciaries serving important roles. Without faith in the bankruptcy sale process, it would be difficult to obtain willing buyers to purchase bankruptcy estate assets through the court approved auction sale process—a process that may be the only option for companies in bankruptcy. Furthermore, Kamensky's actions—if not significantly addressed with an appropriate sentence—could work to destroy the public's confidence in the important role of official committees in the bankruptcy system.

The harm that resulted from Kamensky's abuse of the bankruptcy system cannot be overstated. It is clear that auctions of property through the bankruptcy process—whether in a chapter 11 reorganization or a chapter 7 liquidation—must be and must be seen as transparent and fair to the seller, the buyer, bidders, and creditors. The Debtor and their stakeholders were severely damaged by Kamensky's illegal conduct. The Debtor's unsecured creditors lost a cash-out option for illiquid Series B shares that would have provided an alternative recovery of approximately $42 million to $54 million in cash. Although ultimately—and with no assistance from Kamensky—a cash-out option was offered to creditors, the misconduct by a Committee member with respect to a court-supervised bidding process put a significant taint upon the proceedings, and if not for this prosecution, could lend support for the proposition that the bankruptcy bidding process was "rigged."

4

*United States of America v. Daniel Kamensky*
Case No. 21-cr-00067 (DLC)

The Court should not overlook that Kamensky's misconduct resulted in the expenditure of significant judicial resources and costs to the Debtor, the Committee, and other parties. Specifically, all these parties had to expend time and money in order to investigate and then respond to Kamensky's illegal actions that threatened the successful global resolution of the Debtor's bankruptcy case and the repayment of creditors.

Section 152, like all the provisions governing bankruptcy crimes, exists not to protect individual creditors, but rather "to prevent and redress abuses of the bankruptcy system." 1 COLLIER ON BANKRUPTCY ¶ 7.01[1][a] (16th ed. 2020). The nature of Kamensky's actions struck the very core of our bankruptcy system, such that this Court should impose a sentence adequate to protect the integrity of the bankruptcy system from similar abuses in the future. The United States Trustee respectfully requests that the sentence imposed take into account the seriousness of Kamensky's conduct and afford adequate deterrence pursuant to Section 3553 of Title 18 of the United States Code.

Thank you for your consideration of this letter.

Respectfully,

By: _William Harrington_
William K. Harrington
United States Trustee

Cc:  Daniel Tracer, AUSA
     Richard Cooper, AUSA