# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212-225-2950
jkim@cgsh.com

November 23, 2021

<u>BY ECF</u>

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, NY 10007

Re:  <u>United States v. Daniel B. Kamensky, 21-cr-67 (DLC)</u>

Dear Judge Cote:

We represent Daniel B. Kamensky, the defendant, in the above-captioned case.  Pursuant to the sentence the Court imposed on May 7, 2021 of six months' incarceration, followed by six months' supervised released with a condition of home detention, Mr. Kamensky is set to commence his term of six months' supervised release on December 16, 2021.  In connection with the supervised release, we write to request the Court's approval: (1) for the Probation Department to use smart phone location monitoring technology as the means of monitoring Mr. Kamensky's home detention under supervised release; and (2) for Mr. Kamensky to be permitted to visit his ailing father in Florida from December 20 to 26, 2021, during which time he will be under monitored home detention at his father's residence.

<u>First</u>, we understand from the Probation Department that one of the available methods of monitoring home detention under supervised release includes location monitoring through a smart phone, as opposed to an electronic bracelet.  The Probation Department seeks to employ this method of monitoring for Mr. Kamensky's supervised release.  Because the Judgment does not reflect any specific manner in which home detention would be monitored, in order to use the this location monitoring option, the Probation Department has asked that we obtain the Court's approval for the Probation Department to monitor home detention under the following terms:

> The defendant shall be monitored by location monitoring for a period of six months, using specific technology to be determined by the Probation

The Honorable Denise L. Cote
p. 2

> Department. The defendant is restricted to his residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the supervising Probation Officer. The defendant shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as directed by the Court and supervising Probation Officer.

Second, as the Court may recall from the sentencing submissions, Mr. Kamensky's elderly father is ill and resides in Florida. We respectfully request that Mr. Kamensky be permitted to visit his father from December 20 to 26, 2021, during which time he will comply with the same conditions of home detention at his father's residence, including through use of the same location monitoring technology.

The Probation Department joins in the request that the terms of home detention include smart phone location monitoring technology and does not object to the requested visit to Mr. Kamensky's father. The Government does not object to the requests.

Respectfully submitted,

/s/ Joon H. Kim

Joon H. Kim

cc:   Probation Officer Javier Enciso (by email)
      AUSA Richard Cooper (by email)
      AUSA Daniel Tracer (by email)

*Granted.*

*Denise Cote*
*11/29/21*